IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASIA GENIUS INVESTMENT LIMITED<br><br>Petitioner,<br><br>v.<br><br>BARIVEN, S.A. and<br>PETROLEOS de VENEZUELA, S.A.,<br><br>Respondents. | C.A. No. |

**PETITION TO CONFIRM ARBITRAL AWARD**

Petitioner Asia Genius Investment Limited ("**Asia Genius**") hereby petitions this Court for an order pursuant to 9 U.S.C. §§ 13 and 207: (i) recognizing and enforcing a foreign arbitral award rendered in its favor against Bariven, S.A. ("**Bariven**"), a wholly owned subsidiary and *alter ego* of Petróleos de Venezuela, S.A. ("**PDVSA**"); and (ii) entering judgment against Bariven and its *alter ego* PDVSA upon the award. In support of this Petition, Asia Genius also files the Declaration of Alexandra Schluep. Many of the key facts about Respondents are familiar to this Court as a result of the extended and voluminous proceedings in *Crystallex Int'l Corp. v. Venezuela*, 17-mc-00151 (LPS).

11027571.v2

1

## BACKGROUND

1. Respondent PDVSA is Venezuela's national oil company. It is supported in its operations by a number of wholly owned subsidiaries. These function not as independent companies with their own business operations but rather as departments of PDVSA.

2. Respondent Bariven is one of these companies. It is a wholly owned subsidiary of PDVSA and operates as PDVSA's purchasing and inventory management department.

3. Between 2012 and 2014, Bariven purchased equipment worth millions of dollars for PDVSA from Asia Genius, took delivery, but has never paid a cent.

4. The agreement by which the equipment was purchased contained an arbitration provision requiring arbitration in The Hague, The Netherlands under the rules of the International Chamber of Commerce (the "**ICC Rules**").

5. On March 20, 2023, Asia Genius obtained an arbitral award against Bariven (the "**Award**"). A copy of the Award is attached hereto as **Exhibit A** to the Declaration of Alexandra Schluep.

6. Unsurprisingly, Bariven has not satisfied the Award. Nor does Bariven have any meaningful assets against which Asia Genius can execute a judgment, since it has no independent business operations of its own but merely acts as PDVSA's agent.

7.     PDVSA, however, has property in this district that is potentially available to satisfy the Award. Asia Genius therefore seeks confirmation of its Award pursuant to 9 U.S.C. § 207, and a judgment against Bariven and PDVSA.

## THE PARTIES

8.     Petitioner Asia Genius is a company organized under the laws of Hong Kong, engaged in the purchase, sale and distribution of various goods, merchandise, and equipment. *See* Schluep Declaration ¶ 4; Award ¶ 2.

9.     Respondent Bariven is wholly owned and entirely controlled by PDVSA, functioning effectively as a department of PDVSA. *See* Award ¶ 4. Bariven has no independent business operations and exists only to serve PDVSA. In its 2011 management report, published by PDVSA with the intention that investors and others should rely upon it, PDVSA specifically describes Bariven as being "in charge of acquiring all necessary materials and equipment *for the Corporation's [i.e. PDVSA's] activities*." *See* Schluep Declaration ¶ 6 and **Exhibit B**. Based on its own description of Bariven, PDVSA is an *alter ego* of Bariven.

10.    PDVSA has been the subject of extensive proceedings in this Court. Among other things, it has been conclusively determined to be an *alter ego* of Venezuela. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 152 (3d Cir. 2019) ("if the relationship between Venezuela and PDVSA cannot satisfy the Supreme Court's extensive-control requirement, we know nothing that

can"), *aff'g Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 395 (D. Del. 2018).

11. Of greater significance here is the fact that PDVSA has property in this district available to satisfy the Award against Bariven. PDVSA owns 100% of PDV Holding, Inc. ("**PDVH**"), which in turn owns 100% of CITGO Holding, Inc. ("**CITGO Holding**"). CITGO Holding owns 100% of CITGO Petroleum Corporation ("**CITGO Petroleum**"). PDVH, CITGO Holding, and CITGO Petroleum are all Delaware corporations. *See Crystallex Int'l Corp. v. Petroleos De Venezuela, S.A.*, 879 F.3d 79, 82 (3d Cir. 2018). The proceedings in *Crystallex* make clear that this property is available to satisfy creditors of PDVSA.

## SUBJECT MATTER JURISDICTION

12. The Award at issue here was rendered in The Netherlands in connection with a foreign arbitration between a Venezuelan and a Hong Kong party. This action is therefore governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "**New York Convention**"), codified at 9 U.S.C. § 201 *et seq*; *see Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15 (2d Cir.1997) (setting out regimes applicable to domestic, non-domestic, and foreign awards), *adopted by Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct.,* 618 F.3d 277, 292 (3d Cir. 2010), as amended (Dec. 7, 2010).

This Court therefore has subject matter jurisdiction with respect to proceedings to confirm the Award and issue a judgment thereon pursuant to 9 U.S.C. § 203.

13. Section 207 provides that "any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

14. The Court may exercise subject matter jurisdiction over this petition, notwithstanding the status of Bariven and PDVSA as agencies or instrumentalities of a foreign state, because it seeks enforcement of an agreement "for the benefit of a private party to submit to arbitration all or any differences which have arisen … or to confirm an award made pursuant to such an agreement to arbitrate" where "the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." 28 U.S.C. § 1605(a)(6)(B). *See also OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157, 165 (3d Cir. 2023), cert. denied, 144 S. Ct. 549, 217 L. Ed. 2d 292 (2024) ("The FSIA permitted the District Court to exercise jurisdiction over Venezuela to enforce a judgment based on confirmed arbitration awards against the country.").

15. Here, the applicable "treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards" is the New York Convention.

16. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1330 as Bariven is an *alter ego* of PDVSA, which has already been determined to be itself an *alter ego* of Venezuela, a foreign state.

## PERSONAL JURISDICTION

17. The Award may be enforced in this district on the basis of *quasi in rem* jurisdiction because PDVSA indisputably has property subject to the jurisdiction of this Court. This Court is very familiar with that property because its disposition has been at the heart of the *Crystallex* proceedings.

18. Cases addressing *quasi in rem* jurisdiction are few in this Circuit, but federal courts elsewhere have routinely found *quasi in rem* jurisdiction to be a valid basis on which to confirm an arbitral award. *See, e.g.*, *Bunge S.A. v. Pac. Gulf Shipping (Singapore) Pte. Ltd.*, 2020 WL 1528250 (D. Or. 2020) (finding *quasi in rem* jurisdiction proper, confirming arbitral award and entering judgment against alter ego); *see also Cerner Middle E. Ltd. v. iCapital*, LLC, 939 F.3d 1016, 1019 (9th Cir. 2019) ("*Quasi in rem* jurisdiction exists when a plaintiff seeks to enforce a judgment against a defendant's in-state property."); *Equipav S.A. Pavimentacao, Engenharia e Comercio Ltda. v. Bertin*, 2024 WL 196670, at *7 (S.D.N.Y. Jan. 18,

2024) (because arbitral tribunal already determined liability, "this Court has quasi in rem jurisdiction over property located in this District"); *Cerner Middle E. Ltd. v. iCapital, LLC*, 2021 WL 5112007 (D. Or. 2021), report and recommendation adopted, 2021 WL 4948209 (D. Or. 2021); *Crescendo Mar. Co. v. Bank of Commc'ns Co.*, 2016 WL 750351, at *5 (S.D.N.Y. 2016) ("the Court has quasi in rem jurisdiction to hear the petition and enforce the awards"); *CME Media Enterprises B.V. v. Zelezny*, 2001 WL 1035138, at *3 (S.D.N.Y. Sept. 10, 2001) (concluding that "the Court has quasi in rem jurisdiction because respondent maintains property … in this District . . . Minimum contacts are not required because an arbitration panel with personal jurisdiction over [defendant] has already adjudicated [plaintiff's] claims …. the purpose of the instant proceeding is to collect on that debt.") (citing *Shaffer v. Heitner*, 433 U.S. 186, 210 n.36 (1977)).

## THE AWARD SHOULD BE SUMMARILY CONFIRMED

19. 9 U.S.C. § 207 provides that "any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." Furthermore, "'[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Teamsters Loc. 177 v. United Parcel*

*Serv.*, 966 F.3d 245, 248 (3d Cir. 2020) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

20. "Under the [New York] Convention, a district court's role is limited—it must confirm the award unless one of the grounds for refusal specified in the Convention applies to the underlying award." *Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307-11 (3d Cir. 2006); New York Convention, Art. V. No such grounds for refusal exist here.

21. The law of the location of the arbitral seat—in this case, the Netherlands—is applicable to actions to set aside an award governed by the New York Convention. *See BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 37 (2014). The law of The Netherlands requires that proceedings to vacate an arbitral award must be commenced within three months from the date the final award is communicated to the parties. Bariven made no attempt to vacate the award, and its deadline to do so has long since expired. *See* Schluep Declaration ¶ 15.

22. As the Award has not been vacated or modified and no other grounds for refusal exist, Asia Genius need only show that the parties agreed to arbitrate their dispute and that a final arbitral award in their favor was duly made. This petition, the accompanying Schluep Declaration, and its attached exhibits demonstrate this.

23. The facts underlying the dispute are described at length in the Award itself but are straightforward and easily summarized: between 2012 and 2014,

Bariven bought and accepted goods from Asia Genius on behalf of PDVSA but never paid for them. *See* Schluep Declaration ¶ 7 and Award ¶¶ 80, 98-99, 150, and 154.

24. The goods were purchased from Asia Genius on behalf of PDVSA pursuant to nine purchase orders, each of which contained an expansive arbitration clause. The full arbitration clause is reproduced in the Award at Paragraph 10:

> Any and all disputes, controversies and claims arising out of, involving, or relating to the Order shall be referred to, settled and finally resolved exclusively by arbitration under the rules of the ICC International Court of Arbitration (the "Rules") by three arbitrators appointed in accordance with the Rules. All procedural matters arising in connection with any arbitration shall be resolved in accordance with the Rules. The Party commencing the arbitration shall appoint one arbitrator and the defendant Party shall appoint one arbitrator and a third arbitrator will be appointed by the two arbitrators appointed by the Parties, in accordance with the Rules. The existence of any dispute or the initiation or continuance of the arbitration proceedings shall not postpone, suspend or delay the obligation of the Parties to perform or the performance by the Parties of their respective obligations pursuant to this Agreement. The payment of the costs and expenses of the arbitration will be determined by the arbitrators. The place of the arbitration shall be The Hague. The language used in the arbitral proceedings shall be English.

Award ¶ 10; Schluep Declaration ¶¶ 8-9 and Exs. C1—C8 (Requests for Quotation).

25. The underlying transactions were governed by Dutch law. Award ¶ 13; Schluep Declaration ¶ 10 & Exs. C1—C8 (Section 25, "Choice of Law").

26. Asia Genius demanded arbitration pursuant to the ICC Rules and gave the required notice under those Rules, as did the ICC Secretariat. Bariven failed to appear. The arbitral tribunal (the "**Tribunal**") was duly constituted pursuant to the ICC Rules and proceeded to render the Award. Bariven never appeared in the arbitration. The Award describes at length the procedural safeguards afforded to Bariven in the arbitration, despite its deliberate refusal to participate. *See* Award ¶¶ 22-70 ; Schluep Declaration ¶¶ 11-13.

27. The Tribunal was careful to ensure that, at every stage, Bariven was given appropriate notice. *See* Award ¶¶ 57-67.

28. The ICC Rules do not provide for a tribunal simply to enter an award on default. Instead, the Tribunal examined Asia Genius's evidence and even propounded its own questions to satisfy itself as to the merits of Asia Genius's claims. *See* Award ¶¶ 153-154; Schluep Declaration ¶ 13. The Tribunal concluded that Asia Genius had made its case and rendered an award in its favor. *See* Award ¶ 154.

29. The Tribunal awarded Asia Genius (i) US$ 49,670,681.14 with respect to the outstanding principal amount of Asia Genius's unpaid invoices; (ii) pre-award statutory interest on the principal in the amount of US$ 56,780,663.80 through the date of the Award; (iii) post-award statutory interest (capitalized annually) on the principal and on the pre-award interest, starting from one calendar day following the

date of the Award; (iv) the costs and fees of the arbitration in the amount of US$ 790,215.78 and € 36,000 arising out of Asia Genius's costs for legal representation; (v) the costs and fees of the arbitration in respect of the fees and expenses of the ICC and the Tribunal in the amount of € 400,000; and (vi) statutory interest (capitalized annually) on (iv) and (v) above starting from seven calendar days following the date of the Award. *See* Award ¶ 188(iii) – (viii); Schluep Declaration ¶¶ 18 – 23.

30. A table showing the computation of the total amount due as of the date of the Schluep Declaration, including statutory interest through December 9, 2024, is attached to the Schluep Declaration as **Exhibit D**. That amount is US$ 131,053,484.75.

31. For the foregoing reasons, the Court should therefore enter judgment in the amount of US$ 131,053,484.75, plus statutory post judgment interest. *See* 28 U.S.C. § 1961; *Christian v. Joseph*, 15 F.3d 296, 298 (3d Cir. 1994).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Asia Genius respectfully requests that this Court:

a. Recognize, confirm and enforce the foreign arbitral award rendered by the Tribunal in favor of Asia Genius and against Bariven;

b. Enter judgment in favor of Asia Genius in the amount of US$ 131,053,484.75, plus statutory post judgment interest that accrues until payment, against Bariven and its *alter ego* PDVSA, upon the award; and

    c.    Order any further relief that the Court deems just and proper.

Dated: December 16, 2024

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*
Richard M. Beck (Bar No. 3370)
Raymond H. Lemisch (Bar No. 4204)
Sally E. Veghte (Bar No. 4762)
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 552-5501
Facsimile: (302) 426-9193
Email: rbeck@klehr.com
          rlemisch@klehr.com
          sveghte@klehr.com

-and-

**PROVENZANO GRANNE & BADER LLP**

S. Christopher Provenzano
(*pro hac vice* to be filed)
1330 Avenue of the Americas, Suite 23A
New York, NY 10019
Telephone: (212) 653-0388
Email: chris.provenzano@pgbfirm.com

*Attorneys for Petitioner Asia Genius Investment Limited.*